Daniels, J.
John C. Tomlinson was the owner of a plot-of ground at the Northwest corner of One Hundred and ¡Fifteenth street and Third avenue. It was to be improved *425 by the erection of buildings upon it, and for the purpose of having the work readily performed and the money raised to defray the expenditures, it was arranged between him and the appellant that the property should be conveyed to the defendant, Samuel A. Purdy, Jr., who should contract with the appellant for the erection of the buildings. Such a conveyance was made, and Samuel A. Purdy, Jr., entered into the contract with the defendant Nolan for the erection of the buildings for the sum of $40,835.
The contract specified particularly when and how the price should be paid up to the sum of $20,000 and the residue, it was agreed should be paid out of a permanent loan to be obtained upon the property. In case it should be impracticable when the building was completed to obtain the loan at six per cent interest, including a sufficient amount to pay off two preceding mortgages, then the defendant, Nolan, agreed to take in payment of the balance so much cash as should be realized from the permanent loan in excess of the preceding mortgages, and a second mortgage for the balance which would still remain due. By this contract it was contemplated that the final mortgage should only be given when the building was completed. The evidence proved the fact to be that the building was not completed by the defendant, Nolan, and that the work had been substantially abandoned by him. But notwithstanding these facts a mortgage was given upon the property by Purdy to Nolan to secure the sum of $16,500, and in the agreement, which Nolan himself subscribed upon the delivery of the mortgage, it was stated that the buildings were unfinished and that a claim might be made for delay causing their non-completion. This mortgage did not receive the sanction, neither was it given under the authority conferred by the owner of the property upon Samuel A. Purdy, Jr., but it was in violation of not only the language, but the intention of the agreement made for the erection of the buildings, which was that the final mortgage should be given only upon the completion of the work. After knowledge of the fact of the giving of this mortgage was obtained by Tomlinson, the property, at his instance, was conveyed by Purdy to the plaintiff and an assignment was also made to him of any right of action which John 0. Tomlinson had against Samuel A. Nolan and Samuel A. Purdy, Jr., or either of them. It further appeared that by the joint action of Purdy and Nolan this mortgage was sold and assigned to the defendant, John L. Logan, who advanced, upon the faith of the assignment, the sum of $3,883.75, together with his note, payable on demand, for the sum of $13,000. This note was transferred to *426 William C. Paige, who, however, paid no value for .it and was, as the circumstances have appeared, not entitled to» enforce it against the defendant Logan.
In this action which was brought to vacate and annul theunortgage, as having been fraudulently given in violation of the rights of John C. Tomlinson, it was determined by the court to be inoperative and void, as to the defendants, Nolan and Purdy, and to be valid in the hands of Logan only, for the amount of money advanced by him» upon it.
Neither the-defendant Purdy nor Logan found any .fault with this decision, but Nolan, the contractor, excepted to-it and has appealed from the judgment insisting upon it as-erroneous. But the evidence was ample to'warrant the court in determining that Nolan was not entitled to the-execution or delivery of such a mortgage to him by Purdy,, who then held the legal title to the property only for the-accommodation of the parties in carrying their building, enterprise more effectually into execution. It is entirely clear from the case that the building was far from completed at the time when a mortgage was executed and delivered. And when Nolan may have had just cause for complaint in the delay of the payments agreed to be made-to him, that cause did not, entitle him to the mortgage, under the agreement, until the buildings were completed. He had not placed himself in a position to insist upon the completion of the contract in this manner, either by Purdy or Tomlinson. What he should have done was to have proceeded to the completion of his agreement, which would have entitled him to the satisfaction of the balance remaining unpaid under the agreement as well as the payment of any preceding installment not already paid to him in performance of the agreement. Or, he had the right, as he-appears to have done, to discontinue, the work and rely upon his conduct for satisfaction up to that point, but he was not in a condition in which he could claim the execution and delivery to him of this mortgage.
Objections were taken to proof of the actual relations existing between these parties, and the objects for which the title to the land was placed by the deed in Purdy, but as that was a part of the transaction resorted to for the purpose of carrying into effect the understanding of the-parties, and no right to the property was claimed by Purdy in hostility to that understanding, the evidence was admissible as it was received upon the trial. It is not important to consider the testimony which was received concerning, the time agreed upon for the completion of the agreement. It was unimportant in the case, as Nolan had not completed it at the time when the mortgage was executed and de *427 livered. The case seems to have been rightly disposed of at the trial and the judgment should be affirmed, with costs of the appeal.
Bartlett and Brady, JJ:, concur.